AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL, Appellant,

v.

NORTHWEST AIRLINES, INC.,
Appellee.

No. 77–1520.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1978.

Decided Jan. 31, 1978.

Stephen B. Moldof (argued and on brief), Cohen, Weiss & Simon (argued), New York City, and Robert S. Savelson, New York City, and J. Michael Dady, Lindquist & Vennum, Minneapolis, Minn., on brief, for appellant.

David A. Ranheim (on brief), Dorsey, Windhorst, Hannaford, Whitney & Halla-day, Minneapolis, Minn., argued, for appellee.

Before GIBSON, Chief Judge, MATTHES, Senior Circuit Judge, and ROSS, Circuit Judge.

PER CURIAM.

This is an appeal from the refusal of the District Court[1], 444 F.Supp. 838, to grant a preliminary injunction. The Air Line Pilots Association (ALPA), the union representative of pilots employed by Northwest Airlines, Inc. (Northwest), seeks to require Northwest to negotiate working conditions before instituting nonstop service between Chicago and Tokyo.[2]

Both parties are subject to the terms of the Railway Labor Act, 45 U.S.C. § 151, *et seq.* (1970). The Railway Labor Act provides for the characterization of all disputes as either major or minor. By definition, major disputes are concerned with formation or amendment of a collective bargaining agreement. Minor disputes are concerned with the interpretation or application of an existing contract. The significance of the characterization is that if a suit is classified as major, an injunction to maintain the *status quo* throughout the settlement process is mandatory. If the dispute is classified as minor, then the court must consider the relative equities involved in applying the traditional guidelines for injunctive relief pending the outcome of the grievance-settlement process.

The dispute in the present case arose when ALPA learned of Northwest's decision to commence nonstop service from Chicago to Tokyo, a flight of more than twelve hours. To accomplish the nonstop service, Northwest had its Boeing 747 aircraft remodelled to include on-board rest facilities for all the crew. The proposed flight would involve a change from using a standard three-pilot crew to a multiple crew of five pilots. In addition, the twelve-hour flight time would involve an on-duty period exceeding the maximum established for stan-

---

1. The Honorable Edward J. Devitt, United States District Judge for the District of Minnesota.

2. The flights have been taking place since Judge Devitt denied the requested preliminary injunction.

dard three-pilot crew operations in the collective bargaining agreement between Northwest and ALPA. ALPA contends the flight cannot be operated without an amendment to the collective bargaining agreement. Accordingly, ALPA submitted proposals for modification of the contract to provide for multiple crews. Thus far an agreement has not been reached.

APLA filed suit seeking a preliminary injunction to prevent Northwest from implementing the nonstop service from Chicago to Tokyo pending exhaustion of the settlement procedures mandated by the Railway Labor Act. The District Court classified the dispute as minor and refused to grant a temporary injunction. ALPA brought this appeal.

On the basis of careful scrutiny of the record and oral argument, we think the District Court applied the proper principles of law in considering the propriety of issuing a temporary injunction and that the District Court's findings of fact are not clearly erroneous. Furthermore, the legal conclusion and factual finding of Judge Devitt that the dispute in question is a minor one within the meaning of the Railway Labor Act, 45 U.S.C. § 151, *et seq.* (1970), is correct. Consequently, we affirm the denial of the temporary injunction on the basis of Judge Devitt's well-reasoned memorandum opinion.